IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

January 29, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

PATRICIA SCOTT (CHAPPELL)   )  GREENE COUNTY
                                  )  03A01-9708-CH-00305
    Petitioner-Appellant    )
                                  )
                                  )
     v.                      )  HON. THOMAS R. FRIERSON, II,
                                  )  CHANCELLOR
                                  )
RICHARD SCOTT, D.C. SCOTT and  )
wife, LEONA SCOTT            )
                                  )
    Respondents-Appellees   )  AFFIRMED AND REMANDED

J. RONNIE GREER OF GREENEVILLE FOR APPELLANT

KENNETH N. BAILEY, JR., OF GREENEVILLE FOR APPELLEES

O P I N I O N

Goddard, P.J.

This is a child custody case filed by Patricia Scott (Chappell), mother of a mentally retarded 20-year old daughter, seeking--pursuant to T.C.A. 36-6-101--to modify the Court's prior child custody award. The Trial Court was of the opinion that because the daughter was no longer a minor the foregoing code section was inapplicable. Ms. Chappell's appeal questions this determination.

I. FACTS

Patricia Scott Chappell and Richard Scott are the parents of Rebecca Ann Scott, age 20. The Mother and Father were divorced in 1978, when Rebecca was 1-1/2 years old. The paternal grandparents, Mr. and Mrs. D. C. Scott, were given custody of Rebecca, who has lived with them since then.

Rebecca has been classified as mentally retarded since she entered kindergarten. Her intellectual abilities are within the moderate range of mental retardation.[1] Rebecca is eligible for special educational services for students with disabilities until she becomes 21. Her Grandparents have actively encouraged Rebecca to be involved in social activities through the school system and in various Special Olympics programs.[2]

In 1982 and 1986, Mother petitioned the Greene County Chancery Court to modify the custody arrangement seeking custody of Rebecca. On both occasions, the Trial Court ordered that the paternal grandparents should retain custody of Rebecca. This most recent petition was filed in February 1997. Mother again

---

[1]Rebecca has speech and language disabilities. Her current academic skills are on a first grade level in reading and spelling and below first grade in mathematics. She has different degrees of deficits in communication skills and daily living skills. Paula J. Smith, school psychologist, testified at the conservatorship hearing that Rebecca has an IQ of less than 70 and has moderate difficulties with fine motor coordination. In Ms. Smith's professional opinion, Rebecca was in need of adult supervision for the provision of basic needs and emotional nurturing, arrangement for medical care and assistance with financial affairs.

[2]For example, at the time of the hearing, Rebecca was manager of the girls' basketball team at Chuckey-Doak High School.

2

sought the care, custody and control of Rebecca. At the time of the hearing on this petition, Rebecca was 20 years old.

Father and Grandparents responded to the petition by moving the Court to dismiss the petition on the basis that the petition failed to state a claim upon which relief could be granted in that Rebecca was a legal adult. Therefore, this was not a child custody matter since the child custody statutes only applied to minors.

Shortly after Mother filed the petition to modify custody, Father and Grandparents filed a petition seeking to have the Grandparents appointed as co-conservators of the person and property of Rebecca.

At the hearing, the court sustained the motion to dismiss the child custody petition and specifically "determined that in accordance with T.C.A. 36-6-101, a petition for custody is the inappropriate avenue through which to address the present, special needs of Rebecca. Instead, the proper proceeding is an action for conservatorship and accordingly, the Court shall adjudicate this matter in accordance with T.C.A. 34-11-101, et seq."

After the dismissal of Mother's petition to modify custody, the parties stipulated that Rebecca was in need of a

3

conservator over both her person and her estate.  The conservatorship action then proceeded to trial.  The trial court held that Rebecca's manifest best interests would be served by appointing Grandparents as her co-conservators. Mother thereafter filed this appeal.

## II. ISSUE

Mother presents the following issue for our review.

Did the trial court err in dismissing appellant's petition seeking custody of her disabled daughter, age 20, because the daughter is no longer a minor?

Mother seeks to have the decision of the trial court dismissing the petition to modify custody reversed and to have the case remanded to the trial court for a hearing on the petition to modify custody.

## III.  LAW AND DISCUSSION

Where, as here, there is no conflict in the evidence as to any material fact, the question on appeal is one of law, and the scope of review is *de novo* with no presumption of correctness accompanying the chancellor's conclusions of law.  Union Carbide Corp. v. Huddleston, 854 S.W.2d 87 (Tenn.1993).

Furthermore, construction of a statute is a question of law which we review *de novo*, with no presumption of correctness.

4

Roseman v. Roseman, 890 S.W.2d 27 (Tenn.1994). In construing statutes, our role is to ascertain and give effect to legislative intent. Wilson v. Johnson County, 879 S.W.2d 807(Tenn.1994). The Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. Carson Creek Vacation Resorts, Inc. v. Department of Revenue, 865 S.W.2d 1, 2 (Tenn.1993). We will consider the issue in this appeal with these standards in mind.

Mother postulates that under T.C.A. 36-6-101(b), the Greene County Chancery Court retained the authority to modify or alter the prior decree and orders of the court in regard to custody of Rebecca even though she is over 18 years of age because she is disabled. T.C.A. 36-6-101(b) reads as follows:

> Notwithstanding any provision of this section to the contrary, the party, or parties, or other person awarded custody and control of such child or children shall be entitled to enforce the provisions of the court's decree concerning the suitable support of such child or children in the appropriate court of any county in this state in which such child or children reside; provided, that such court shall have divorce jurisdiction, if service of process is effectuated upon the obligor within this state. Jurisdiction to modify or alter such decree shall remain in the exclusive control of the court which issued such decree.

5

Furthermore, Mother claims that the definitions of "adult" and "child", which are contained in T.C.A. 36-1-102[3] are applicable only to "Part 1" and not to the other parts of Title 36, such as "Part 6." We disagree. Throughout the Tennessee Code, with only two exceptions, we have found that "minor" means any person who has not attained the age of 18 years.[4] 18 Tenn. Juris., Minors, § 2. The two exceptions are T.C.A. 1-3-113(b), where the age of majority for purposes of purchasing, consuming or possessing alcoholic beverage is 21 years and T.C.A. 35-7-202, which is the Tennessee Uniform Transfers to Minors Act.

Furthermore, T.C.A. 1-3-105, sets forth the definition of terms used in the Tennessee Code as follows:

> As used in this code, unless the context otherwise requires:
>
> (1) "Age of majority" means eighteen (18) years of age or older; except that when purchasing, consuming or possessing alcoholic beverages, wine or beer as those terms are defined in title 57, "age of majority" means twenty-one (21) years of age. "Minor" means any person who has not attained eighteen (18) years of age; except that where used in title 57 with respect to purchasing, consuming or possessing alcoholic beverages, wine or beer, "minor" means any person who has not attained twenty-one (21) years of age. This subdivision shall not be construed as prohibiting any person eighteen (18) years of age or older from selling,

---

[3]T.C.A. 36-1-102 as applicable here reads as follows:
"As used in this part, unless the context otherwise requires:. . .
(7) "Adult" means any person who is eighteen (18) years of age or older. An adult may be adopted as provided in this part; . . .
(11) "Child" or "children" means any person or persons under eighteen (18) years of age;. . . . "

[4]See *inter alia* T.C.A. 1-3-105, 6-54-404, 29-13-102(12), 29-13-301(6), 29-13-308, 29-31-101, 29-31-105, 33-5-101, 34-11-101(12), 34-12-106, 36-3-106, 37-10-101, 37-10-302, 39-11-106, 39-15-407, 39-15-413, 39-17-901, 39-17-902, 39-17-1002, 50-5-102, 55-50-312, 68-14-601(5).

transporting, possessing or dispensing alcoholic beverages, wine or beer in the course of employment;

(2) "Code" includes the Tennessee Code and all amendments and revisions thereof and all additions and supplements thereto. . . .

Whether or not the definitions set forth in "Part 1" are applicable to "Part 2", the definitions contained in T.C.A. 1-3-105 are applicable to the issue at hand.

While Mother admits that she has been unable to find any cases directly answering the issue she raises in this appeal, she contends that Sayne v. Sayne, 39 Tenn. App. 422, 284 S.W.2d 309 (1955), and its progeny, lend support to her position. Sayne[5] adopted a rule requiring a parent to support a child beyond his or her minority. Mother argues that the reasoning of Sayne, is equally applicable to petitions to modify custody of a disabled child who has reached the age of majority but continues under a disability that existed prior to reaching the age of majority. Sayne does not, however, address the issue of the custody of an adult, who is incapacitated.

Emancipation may occur by operation of law for the Legislature possesses the power to fix the age at which the disabilities of infancy are removed. Campbell v. Bon Air Coal & Iron Corp., 151 Tenn. 132, 268 S.W. 377 (1925). This occurred in Tennessee when the Legislature enacted the Legal Responsibility

---

[5]Our court has reaffirmed the Sayne holding in Smith v. Smith, an unreported opinion of this Court, filed in Knoxville on March 31, 1995.

7

Act, Chapter 162, Public Acts of 1971. <u>Garey v. Garey</u>, 482 S.W.2d 133 (Tenn.1972). The Legislature did enact T.C.A. 34-1-101(b) to extend the period of support in certain instances. This, however, was repealed by Acts 1992, ch. 794, § 1, which became effective on January 1, 1993.[6]

On the other hand, the appellees, Father and Grandparents, contend that the Chancellor was correct in dismissing the child custody petition and acting upon the conservatorship petition, as set forth at T.C.A. 34-11-101, *et seq*. We agree.

T.C.A. 34-11-121[7] conveys plenary powers to the court in conservatorship actions. Moreover, the state has the constitutional power to act for incompetents and for partial incompetents to the extent of the partial incompetency. <u>State, Dept. of Human Services. v. Northern</u>, 563 S.W.2d 197 (Tenn. App.1978), appeal dismissed, 436 U.S. 923, 98 S. Ct. 2816 (1978).

---

[6]It should be noted that "<u>Sayne</u>" was decided in 1955 prior to the enactment of the Legal Responsibility Act in 1971.

[7] T.C.A. 34-11-121.
a) The court has broad discretion to require additional actions not specified in the provisions of this chapter, and chapters 12 and 13 of this title as the court deems in the best interests of the minor or disabled person and the minor's or disabled person's property. The court also has discretion to waive requirements specified in the provisions of this chapter, and chapters 12 and 13 of this title if the court finds it is in the best interests of the minor or disabled person to waive such requirements, particularly in those instances where strict compliance would be too costly or place an undue burden on the fiduciary or the minor or the disabled person.

As pertinent in this matter, T.C.A. 34-11-101 contains the following definitions:

> As used in this chapter and chapters 12 and 13 of this title, unless the context otherwise requires:
>
> . . . .
>
> (7) "Disabled person" means any person eighteen (18) years of age or older determined by the court to be in need of partial or full supervision, protection and assistance by reason of mental illness, physical illness or injury, developmental disability or other mental or physical incapacity;
>
> . . . .
>
> (12) "Minor" means any person who has not attained eighteen (18) years of age and who has not otherwise been emancipated; . . ..

It is apparent from the record before us that Rebecca meets the definition of a disabled person contained in T.C.A. 34-11-101.  It is also clear that Mother's argument fails in all respects and that the Chancellor correctly dismissed the custody petition and heard the conservatorship petition.

For the reasons stated above, the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mother and her surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.